decisions. Further, because for most of its funds an Abraaj general partner was entitled to collect management fees and a percentage of investment profits, or carry, raising additional capital and inflating the performance of its existing funds enabled the Abraaj [Fund managers] to collect more management fees and carry than Abraaj [Fund managers] otherwise would have been entitled to receive.

        d.    Certain defendants also concealed Abraaj's true financial condition from investors and potential investors by distributing false and misleading periodic reports, marketing materials, and financial statements, and by providing materially false and misleading responses to investor inquiries about Abraaj's business condition and practices.

        e.    At least one defendant directed another member of the Enterprise to bribe Pakistani elected officials for the benefit of the Enterprise, and thereafter concealed that fact from investors and potential investors.

        113. ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, personally profited as a result of the Enterprise's criminal conduct. Victims of the racketeering conspiracy included (a) individuals and institutions that invested in or otherwise committed capital to Abraaj private equity funds; (b) financial institutions and government agencies that lent funds to various

Abraaj-branded entities; and (c) regulatory authorities deceived by members of the Abraaj Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Securities Fraud Conspiracy)

114. The allegations set forth in paragraphs 1 through 106 and 109 through 113 are repeated and realleged, and incorporated by reference as if fully set forth herein.

115. From at least in or about 2014 up to and including in or about April 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

116. It was a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, would and did use and employ, in

connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

<u>Overt Acts</u>

117. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about July 2014, ARIF NAQVI and SIVENDRAN VETTIVETPILLAI, the defendants, attended a meeting with employees of the U.S. Investment Advisor in Pennsylvania and, while there, conveyed false and misleading information about Abraaj.

b. In or about June 2016, RAFIQUE LAKHANI, the defendant, concealed approximately $318 million in transfers out of APEF IV by using false entries in a set of accounting records.

c. In or about November 2016, MUSTAFA ABDEL-WADOOD, the defendant, rejected a proposal by an investment team

to mark down a position held by an Abraaj fund in a particular traded company by over $40 million.

        d.    On or about December 14, 2016, NAQVI made a presentation to investors in various Abraaj funds at an investor forum held in Manhattan, New York, and, in his remarks, presented false and misleading information about the financial condition of Abraaj and the performance of particular Abraaj funds.

        e.    On or about June 20, 2017, LAKHANI contacted a representative of the Airline to obtain a multimillion dollar loan to Abraaj to conceal a cash shortfall on a financial statement due at month end.

        f.    On or about August 1, 2017, WAQAR SIDDIQUE, the defendant, sent an email to NAQVI providing an update on the progress of the scheme to overvalue the securities held by Abraaj funds and thereby misrepresent Abraaj's track record.

        g.    In or about August 2017, ASHISH DAVE, the defendant, wrote an email to ABDEL-WADOOD about, in sum and substance, conveying to ABDEL-WADOOD's subordinates that Abraaj could not mark down positions held by Abraaj investment funds.

        h.    On or about August 3, 2017, CC-2 informed ABDEL-WADOOD that CC-2 and NAQVI had met and agreed to certain false valuations for particular Abraaj investments.

        i.    On or about August 29, 2017, LAKHANI directed an Abraaj employee by email to wire approximately USD$500,000 from

a company account to the Naqvi Personal Entity and, in a subsequent email, directed an Abraaj employee to wire approximately USD$500,000 from the Naqvi Personal Entity to an account for an entity controlled by Naqvi and his family.

j.   On or about December 5, 2017, NAQVI attended a series of meetings in New York, New York to solicit new and additional investor commitments in APEF VI.

k.   In or about January 2018, VETTIVETPILLAI advocated in an email to others at Abraaj, including NAQVI that Abraaj should delay marking down positions held by Abraaj investment funds until Abraaj had completed its fundraising for APEF VI.

l.   In or about 2017, CC-2 made false representations during an in-person meeting with a United States-based institutional investor about Abraaj's investment track record, in order to induce an investment in Abraaj.

(Title 18, United States Code, Section 371.)

## COUNT THREE
### (Securities Fraud – APEF IV)

The Grand Jury further charges:

118. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117 are repeated and realleged, and incorporated by reference as if fully set forth herein.

119. From at least in or about 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, NAQVI, SIDDIQUE, LAKHANI, ABDEL-WADOOD, DAVE, and VETTIVETPILLAI, deceived investors and potential investors in APEF IV by making, and causing others to make, material misstatements and omissions concerning the financial condition of Abraaj generally, the financial condition and historical performance of APEF IV specifically, and the misappropriation of investor funds; and did, in fact, misappropriate investor funds from APEF IV for improper purposes.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT FOUR

### (Securities Fraud — the Healthcare Fund)

The Grand Jury further charges:

120. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117 are repeated and realleged, and incorporated by reference as if fully set forth herein.

121. From at least in or about 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to

57

wit, NAQVI, SIDDIQUE, LAKHANI, and VETTIVETPILLAI deceived investors and potential investors in the Healthcare Fund by making, and causing others to make, material misstatements and omissions concerning the financial condition of Abraaj generally, and the financial condition and performance of the Healthcare Fund specifically, and the misappropriation of investor monies; and did, in fact, misappropriate investor funds from the Healthcare Fund for improper purposes.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT FIVE
### (Securities Fraud – APEF VI)

The Grand Jury further charges:

122. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117 are repeated and realleged, and incorporated by reference as if fully set forth herein.

123. From at least in or about 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, used and employed, in connection with the purchase

and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, NAQVI, SIDDIQUE, LAKHANI, ABDEL-WADOOD, DAVE, and VETTIVETPILLAI deceived investors and potential investors in connection with the sale of APEF VI partnership interests by making, and causing others to make, material misstatements and omissions concerning the financial condition of Abraaj generally, and the historical performance of other Abraaj investment funds, and the misappropriation of investor funds from other Abraaj investment funds.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT SIX

### (Wire Fraud Conspiracy)

The Grand Jury further charges:

124. The allegations set forth in paragraphs 1 through paragraphs 1 through 106, paragraphs 109 through 113, and paragraph

117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

125. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

126. It was a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

**COUNT SEVEN**

**(Wire Fraud — APEF IV)**

The Grand Jury further charges:

127. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

128. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, NAQVI, SIDDIQUE, LAKHANI, ABDEL-WADOOD, DAVE, and VETTIVETPILLAI, made and caused others to make materially false and misleading statements and omissions to investors and potential investors in APEF IV, including by telephone and email, concerning the financial condition of Abraaj generally, the financial condition and performance of APEF IV specifically, and the

misappropriation of investor funds, and did, in fact, misappropriate investor funds from APEF IV for improper purposes.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT EIGHT
### (Wire Fraud – the Healthcare Fund)

The Grand Jury further charges:

129. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

130. From at least in or about 2015, up to and including in or about December 2017, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, NAQVI, SIDDIQUE, LAKHANI, and VETTIVETPILLAI made and caused others to make materially false and misleading statements and omissions to investors and potential investors in

the Healthcare Fund, including by telephone and email, concerning the financial condition of Abraaj generally, the financial condition and performance of the Healthcare Fund specifically, and the misappropriation of investor funds, and did, in fact, misappropriate investor funds from the Healthcare Fund for improper purposes.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT NINE
### (Wire Fraud – APEF VI)

The Grand Jury further charges:

131. The allegations set forth in paragraphs in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

132. From at least in or about 2017, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals,

pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, NAQVI, SIDDIQUE, LAKHANI, ABDEL-WADOOD, DAVE, and VETTIVETPILLAI made and caused others to make materially false and misleading statements and omissions to investors and potential investors in APEF VI, including by telephone and email, concerning the financial condition of Abraaj generally, the financial condition and historical performance of other Abraaj investment funds, and the misappropriation of investor funds from those other Abraaj investment funds.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TEN
### (Concealment Money Laundering Conspiracy)

The Grand Jury further charges:

133. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

134. The Abraaj Leadership repeatedly transferred funds from bank accounts associated with particular investment funds-- including APEF IV, IGCF, and the Healthcare Fund—into accounts held in the name of AIML. From AIML accounts, members of the Abraaj Leadership then transferred, or caused others to transfer, the misappropriated investor monies into bank accounts associated with

other investment funds, including through transactions that took place through United States correspondent bank accounts located in New York, New York, into bank accounts associated with Abraaj Holdings, or into bank accounts associated with members of the Enterprise themselves. By transferring monies first to AIML and then further transferring those monies from AIML on to other accounts for improper purposes, the Abraaj Leadership intended to, and did, conceal that they were using misappropriated investor monies from Abraaj-branded funds to cover cash shortfalls, to fund investments, and to enrich themselves.

### Statutory Allegations

135. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and ASHISH DAVE, the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1956.

136. It was a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and ASHISH DAVE, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers out of AIML accounts, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which

in fact involved the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, fraud in the sale of securities, wire fraud, theft of public funds, and theft from an employee benefit plan, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT ELEVEN
### (Concealment Money Laundering)

The Grand Jury further charges:

137. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

138. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and ASHISH DAVE, the defendants, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers out of AIML accounts, represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such financial transactions, which in fact involved the proceeds of

specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, fraud in the sale of securities, wire fraud, theft of public funds, and theft from an employee benefit plan, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT TWELVE
### (International Promotional Money Laundering Conspiracy)

The Grand Jury further charges:

139. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraph 117, are repeated and realleged, and incorporated by reference as if fully set forth herein.

140. The Abraaj Leadership repeatedly transferred, or caused the transfer of, monies into and out of bank accounts in the United States to and from accounts located overseas to promote the Abraaj Leadership's unlawful activities and to sustain the Enterprise. For example, and as further described above in Paragraphs 38 through 41, members of the Enterprise caused investors in the Healthcare Fund to transfer millions of dollars from United States accounts to Abraaj-controlled accounts overseas by issuing drawdown notices to those investors. As set forth in Paragraphs 38 through 41, the Abraaj Leadership issued, or caused others to

issue, those drawdown notices in part to obtain investor monies that the Abraaj Leadership could then misappropriate to, among other things, cover cash shortfalls, satisfy operational expenses, and make payroll at Abraaj's Manhattan, New York office.

### Statutory Allegations

141. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and ASHISH DAVE, the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1956.

142. It was a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and ASHISH DAVE, the defendants, and others known and unknown, with the intent to promote the carrying on of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, fraud in the sale of securities, wire fraud, theft of public funds, and theft from an employee benefit plan, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

## COUNT THIRTEEN

### (International Promotional Money Laundering)

The Grand Jury further charges:

143. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraphs 117, 134, and 140 are repeated and realleged, and incorporated by reference as if fully set forth herein.

144. From at least in or about April 2014, up to and including in or about May 2018, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and ASHISH DAVE, the defendants, with the intent to promote the carrying on of a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, fraud in the sale of securities, wire fraud, theft of public funds, and theft from an employee benefit plan, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT FOURTEEN

**(Conspiracy to Defraud the United States;
to Steal Public Funds; and
to Steal From Employee Benefit Plans)**

The Grand Jury further charges:

145. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraphs 117, 134, and 140, are repeated and realleged, and incorporated by reference as if fully set forth herein.

146. From at least in or about 2016 up to and including in or about December 2017, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and SIVENDRAN VETTIVETPILLAI, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other (a) to defraud the United States and an agency thereof, to wit, the U.S. Agency described at Paragraph 43 of this Indictment, in violation of Title 18, United States Code, Section 371, (b) to commit an offense against the United States, to wit, theft of public funds, in violation of Title 18, United States Code, Section 641, and (c) to commit an offense against the United States, to wit, theft from an employee benefit plan, in violation of Title 18, United States Code, Section 664.

147. It was a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and SIVENDRAN

VETTIVETPILLAI, the defendants, and others known and unknown, willfully and knowingly, using deceit, craft, trickery, and dishonest means, would and did defraud the United States and an agency thereof, to wit, the U.S. Agency, by providing false and misleading information to the U.S. Agency in connection with the U.S. Agency's due diligence concerning whether or not the U.S. Agency would provide debt financing for the Healthcare Fund, thereby impeding, impairing, defeating, and obstructing the lawful function of the U.S. Agency, in violation of Title 18, United States Code, Section 371.

148. It was further a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and SIVENDRAN VETTIVETPILLAI, the defendants, and others known and unknown, would and did embezzle, steal, purloin, and knowingly convert to their use and the use of another, and without authority, sell, convey, and dispose of a record, voucher, money, and thing of value exceeding $1,000 of the United States and of any department and agency thereof, in violation of Title 18, United States Code, Section 641.

149. It was further a part and an object of the conspiracy that ARIF NAQVI, WAQAR SIDDIQUE, and RAFIQUE LAKHANI, the defendants, would and did embezzle, steal, and unlawfully and willfully abstract and convert to their own use and to the use of another, moneys, funds, securities, premiums, credits, property,

and other assets of an employee welfare benefit plan and employee pension benefit plan, and of any fund connected therewith, in violation of Title 18, United States Code, Section 664.

### OVERT ACTS

150. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about August 2017, ARIF NAQVI and SIVENDRAN VETTIVETPILLAI, the defendants, caused Abraaj to issue a disbursement request to the U.S. Agency in the amount of approximately $68 million. In response to that request, in or about September 2017, the U.S. Agency wired approximately $68 million to Abraaj from a bank account in Manhattan, New York.

b.   On or about August 1, 2017, WAQAR SIDDIQUE, the defendant, sent an email to NAQVI providing an update on the progress of the scheme to overvalue the securities held by Abraaj funds and thereby misrepresent Abraaj's track record.

c.   In or about June 2017, RAFIQUE LAKHANI, the defendant, exchanged WhatsApp messages with NAQVI about a fraudulent transfer of money that was intended to deceive investors in the Healthcare Fund, including the U.S. Agency, about the status of their investments.

d.   In or about 2017, VETTIVETPILLAI conveyed false information to Healthcare Fund investors, including the U.S.

Agency, about the status of their investments.

(Title 18, United States Code, Section 371.)

## COUNT FIFTEEN
### (Theft of Public Funds)

The Grand Jury further charges:

151. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraphs 117, 134, 140, and 150, are repeated and realleged, and incorporated by reference as if fully set forth herein.

152. From at least in or about 2016 up to and including in or about December 2017, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, and SIVENDRAN VETTIVETPILLAI, the defendants, willfully and knowingly embezzled, stole, purloined, and knowingly converted to their use and the use of another, and without authority, sold, conveyed, and disposed of a record, voucher, money, and thing of value exceeding $1,000 of the United States and of any department and agency thereof, to wit, NAQVI, SIDDIQUE, LAKHANI, and VETTIVETPILLAI obtained millions of dollars in debt financing for the Healthcare Fund from the U.S. Agency through false and misleading statements, embezzled a portion of those funds from the Healthcare Fund, and used a portion of those funds for unapproved purposes.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT SIXTEEN

### (Theft of Employee Pension Plans)

The Grand Jury further charges:

153. The allegations set forth in paragraphs 1 through 106, paragraphs 109 through 113, and paragraphs 117, 134, 140, and 150, are repeated and realleged, and incorporated by reference as if fully set forth herein.

154. From at least in or about 2015 up to and including in or about December 2017, in the Southern District of New York and elsewhere, ARIF NAQVI, WAQAR SIDDIQUE, and RAFIQUE LAKHANI, the defendants, embezzled, stole, and unlawfully and willfully abstracted and converted to their own use and the use of another, moneys, funds, securities, premiums, credits, property, and other assets of an employee welfare benefit plan and employee pension benefit plan, and of any fund connected therewith, to wit, NAQVI, SIDDIQUE, and LAKHANI having obtained investments from employee welfare and pension benefit plans funds, including a pension fund for professional musicians located in Manhattan, New York, embezzled a portion of those investor monies out of the fund into which they had been deposited and used the money for unapproved purposes.

(Title 18, United States Code, Sections 644 and 2.)

## FORFEITURE ALLEGATIONS AND SUBSTITUTE ASSET PROVISIONS

### FORFEITURE ALLEGATION AS TO COUNT ONE

155. As a result of committing the offense alleged in Count One of this Indictment, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963,

a.   any interest acquired or maintained as a result of the racketeering activity charged in Count One;

b.   any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the racketeering activity charged in Count One; and

c.   any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One.

### FORFEITURE ALLEGATIONS AS TO COUNTS TWO, THREE, FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, FOURTEEN, FIFTEEN, AND SIXTEEN

156. As a result of committing one or more of the offenses alleged in Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Fourteen, Fifteen, and Sixteen of this Indictment, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, shall forfeit

75

to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

FORFEITURE ALLEGATIONS AS TO COUNTS TEN THROUGH THIRTEEN

157. As a result of committing one or more of the offenses alleged in Counts Ten through Thirteen of this Indictment, ARIF NAQVI, WAQAR SIDDIQUE, RAFIQUE LAKHANI, MUSTAFA ABDEL-WADOOD, ASHISH DAVE, and SIVENDRAN VETTIVETPILLAI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

Substitute Assets Provision

158. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 492, 981, 982, and 1963; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ARIF NAQVI, et al.,

Defendants.

SUPERSEDING INDICTMENT

S6 19 Cr. 233 (LAK)

(15 U.S.C. §§ 78j(b) & 78ff, and 17
C.F.R. 240.10b-5; 18 U.S.C. §§ 371, 641,
664, 1343, 1349, 1956, 1962, and 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

_____
Foreperson.

May 23, 2019

Filed Sixth Superseding Indictment (SEALED)

U.S.M.J. Debra Freeman